CHARLES G. SHARP v. VICTOR DURAND.

Argued June 14, 1904—Decided November 7, 1904.

An employe who, without his master's authority, creates a dangerous condition in the place in which he is working, assumes the risk which such dangerous condition produces.   He has no claim on his master for protection against it, and no right to compensation from the latter for injuries resulting from it.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the rule, *Howard Carrow.*

*Contra,* John W. *Wescott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant operates a glass factory in Vineland. The plaintiff was one of his employes. His place of work was usually upon the first floor of the factory, but his duties required him to, sometimes, go down into the basement of the building for the purpose of attending to the fires. Certain of his fellow-employes, whose work was upon the same floor with the plaintiff, were also required to make trips to the basement of more or less frequency. There was a staircase in the factory affording access to the basement from the first floor, but some of defendant's employes, during his absence from the premises and without his consent, considering that a more convenient means of access to the basement was desirable, proceeded to cut a hole in the floor of the room in which the plaintiff worked and placed a ladder in it, leading down into the basement. Upon the defendant's return to his factory he discovered what had been done by his employes but took no steps to cover up the hole or to safeguard it in any way.

It was a disputed fact in the case whether the plaintiff was a party to the cutting of the hole or not. It is undisputed that he used it as a means of access to the basement after it had been cut.

The court charged the jury that an employer is bound to provide proper safeguards against accident to employes and left it to the jury to find that the defendant had neglected to perform a duty which he owed to the plaintiff if he had not placed proper guards about the hole in the floor after he had

learned of its existence. This instruction entirely ignored the contention on the part of the defendant, supported by the testimony of witnesses called on his behalf, that the plaintiff himself was one of the parties who had cut the hole and placed upon the defendant the duty of affording the plaintiff protection against danger therefrom, notwithstanding that he himself had created that danger and had done so without the permission of the defendant. This is not the law. An employe who, without his master's authority, creates a dangerous condition in the place in which he is working, assumes the risk which such dangerous condition produces. He has no claim on his master for protection against it, and no right to compensation from the latter for injuries resulting from it.

The rule to show cause should be made absolute.